O. Randolph Bragg
HORWITZ, HORWITZ & ASSOC.
25 East Washington St., Suite 900
Chicago, Illinois 60602
Telephone: (312) 372-8822
Facsimile: (312) 372-1673
*Pro Hac Vice status pending

John Heenan
HEENAN LAW FIRM
P.O. Box 2278
Billings, Montana 59103
Telephone:  (406) 839-9091
Facsimile: (406) 839-9092
john@heenanlawfirm.com

Attorneys for Plaintiff and the Putative Class

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MONTANA
## BILLINGS DIVISION

| | |
|---|---|
| KERRI HENAN, | Cause No.  CV-09-02-BLG-RFC-CSO |
| Plaintiff, | |
| vs. | **COMPLAINT AND JURY DEMAND** |
| PORTFOLIO RECOVERY ASSOCIATES, LLC and JOHNSON, RODENBURG & LAUINGER, | **PUTATIVE CLASS ACTION** |
| Defendants. | |

COMES NOW, Plaintiff Kerri Henan, by and through her counsel of record,

and for her Complaint alleges as follows:

## SUMMARY OF CASE

1.      This is a class action brought pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. (hereafter "FDCPA").  Plaintiff Kerri Henan, individually and on behalf of all persons similarly situated, seek damages and declaratory judgment and relief against Defendants Portfolio Recovery Associates, LLC and Johnson, Rodenburg & Lauinger arising from their routine practice of demanding and recovering attorney's fees without a legal basis in Montana collection actions.

## PARTIES AND JURISDICTION

2.      Plaintiff was at all times relevant hereto a resident of Yellowstone County, Montana.

3.      Defendant Portfolio Recovery Associates, LLC (herafter "PRA") is a foreign limited liability company existing pursuant to the laws of the State of Delaware.  Portfolio maintains its principal business address at 120 Corporate Boulevard, City of Norfolk, Virginia.  PRA is engaged in the business of purchasing debt (a "debt buyer") and debt collection activities.  PRA is a "debt collector" as defined by the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq.

4.      Defendant Johnson, Rodenburg & Lauinger (hereafter "JRL") is a foreign partnership engaged in the business of debt collection as well as the practice of law in the State of Montana, and is a "debt collector" as defined under the FDCPA.   JRL's principal place of business is 1004 East Central Ave., Bismarck, North Dakota.   No JRL attorney is physically located in the State of Montana, but several are licensed to practice law in the State of Montana.   JRL regularly files lawsuits against Montana residents in Montana courts as part of its debt collection activities and is a "debt collector" as defined by 15 U.S.C. 1692a(6).

5.      Jurisdiction over Plaintiffs' FDCPA claim is proper in this Court pursuant to 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1337.

6.      Personal jurisdiction is proper as Defendants have conducted debt collection activities in the State of Montana, availed themselves of the Montana court system in their collective capacity as debt collectors and litigants/attorneys, and committed unlawful conduct towards Plaintiffs, Montana residents and citizens.

7.      Venue is proper in the Billings Division because Plaintiff is a Yellowstone County, Montana resident and the pertinent facts occurred in Yellowstone County, Montana.

## <u>FACTUAL ALLEGATIONS</u>

8.     On January 15, 2008, PRA, by and through the JRL law firm, sued Ms. Henan as the purported assignee to a "Capital One Bank" credit card account upon which Portfolio claimed Ms. Henan owed (hereafter "the state complaint") (attached as Exhibit "A").   The state complaint sought judgment against Ms. Henan under an account stated theory of liability.   The state complaint did not assert as a basis for recovery that Ms. Henan was liable for breach of contract.   The state complaint demanded "collection costs/attorney's fees of $505.83."

9.     The alleged obligation which Defendants sought to collect from Ms. Henan through their state complaint was incurred for personal or household purposes.

10.     At the time JRL and PRA brought the state complaint against Ms. Henan, neither PRA nor JRL had in its possession a written instrument with Ms. Henan's signature that would constitute a written contract under Montana law.  *See Colorado Nat'l Bank v. Story,* 261 Mont. 375, 862 P.2d 1120 (1993).

11.     Pursuant to Montana law, there is no statutory basis to seek attorney's fees under an account stated theory of liability.   The only basis for seeking attorney's fees can be under a breach of contract theory where the debtor acquiesced to pay attorney's fees, either orally or through a written instrument containing the debtor's signature.

12.     Defendants, at all times relevant hereto, engaged in the routine practice of demanding attorney's fees in lawsuits brought against Montana residents in Montana court proceedings under an account stated theory of liability.

13.     Upon information and belief, PRA did not pay JRL attorney's fees to bring suit against Montana residents on its behalf, but instead paid JRL a percentage of all monies JRL was able to collect on PRA's behalf.

14.     Upon information and belief, at all times relevant hereto, Defendants, as a regular business practice, routinely demanded attorney's fees without a legal basis as they lacked any documentation sufficient to demand or recover attorney's fees under Montana law, yet demanded and/or recovered said attorney's fees anyway.

15.     Defendants' routine practice of demanding and/or collecting attorney's fees without a legal basis under Montana law violates the FDCPA by seeking and collecting amounts which are not permitted by law in violation of 15 U.S.C. §§ 1692e and 1692f.

16.     On November 21, 2008, United States Magistrate Judge Carolyn Ostby ruled in the case of *McCollough v. Johnson, Rodenburg & Lauinger*, CV-07-166-BLG-CSO, --- F.Supp.2d ---, 2008 WL 4997223 (D.Mont. 2008), that JRL violated the FDCPA by requesting in the complaint against Mr. McCollough attorney fees to which it was not entitled under Montana law.

17.     On December 1, 2008, Ms. Henan moved for summary judgment as to the state complaint, and the court set a summary judgment hearing.  Prior to the summary judgment hearing, PRA voluntarily dismissed the state complaint against Ms. Henan with prejudice.

## CLASS ALLEGATIONS

18.     Plaintiff brings this action on her own behalf and on behalf of a class of persons similarly situated pursuant to Federal Rule of Civil Procedure 23.

19.      The class is compromised of all persons who satisfy the following criteria: (a) Montana residents; (b) against whom Defendants filed a lawsuit under an account stated theory of liability; (c) in an attempt to collect a debt incurred primarily for personal, family or household purposes where; (d) the underlying obligation was a Capital One Bank credit card debt; (e) which demanded or collected any funds for attorney's fees/collection costs; (f) within one year prior to the filing of this Complaint through the date of class certification.

20.     The class is believed to be so numerous that joinder of all members is impracticable.  The Complaint concerns routine business practices as set forth above.  There are common questions of law or fact common to the class.  These include whether the demand and collection of attorney's fees under an account stated theory of liability in violation of Montana law and thus in violation of the FDCPA.

21.     The Claims of Plaintiff are typical of those of the class.   All of Plaintiff's claims are based upon the same factual and legal theories.

22.     Plaintiff will fairly and adequately protect the interests of the class. Plaintiff has no interest antagonistic to those of the class.  Plaintiff's counsel are competent and experienced in consumer credit cases and class actions.

23.     Defendants have acted on grounds generally applicable to the class thereby making final relief and declaratory relief appropriate with respect to the class as a whole.

24.     The questions of law and fact common to the class predominate over any question affecting only individual members, and a class action is superior to other available methods for the fair and efficient adjudication of this controversy. The class members are consumers who may be unable to locate or afford attorneys. Most are probably unaware that their rights under the FDCPA have been violated. The amounts of actual damages per consumer, while not insignificant to a consumer are generally small, and thus a consumer class action is a particularly well-suited vehicle to address the violations and for recovery by the class.

25.     The class may be certified under Rule 23(b)(3), F. R. Civ. P., as such represents a superior method for the fair and efficient adjudication of this controversy in that:

(a)     Congress specifically contemplated class actions as a principal means of enforcing the FDCPA. 15 U.S.C. § 1692k.

(b)     Most of the class members are not aware of their rights and have no knowledge that their rights have been violated.

(c)     The interest of class members individually controlling the prosecution of separate claims is small because of the limited damages per consumer.

(d)     Management of this class action is not likely to present significant difficulties.

(e)     Defendants acted on grounds generally applicable to the class thereby making appropriate final injunctive and declaratory relief with respect to the class as a whole.

(f)     Certification of a class under Rule 23(b)(2) of the Federal Rules of Civil Procedure is appropriate in that Defendants have acted on grounds generally applicable to the class thereby making appropriate declaratory relief with respect to the class as a whole.

26.     Plaintiff requests certification of a hybrid class action combining Rule 23(b)(2) for declaratory relief with Rule 23(b)(3) for monetary damages.

## **REQUEST FOR RELIEF**

WHEREFORE, Plaintiff Kerri Henan, on behalf of herself and the putative class, respectfully requests the following relief against Defendants Portfolio Recovery Associates, LLC and Johnson, Rodenburg & Lauinger:

a.      This Court certify the class and appoint her class representative and her attorneys as class counsel.

b.      Actual damages.

c.      Statutory damages.

d.      Costs and attorney's fees.

e.      Entry of a declaratory judgment that Defendants' practice of demanding and collecting attorney's fees under an account stated theory of liability is unlawful under the FDCPA.

h.      Such other and further relief as the Court may deem just and proper.

## **JURY DEMAND**

Ms. Henan demands a trial by jury on all claims and counterclaims.

Dated this 14th day of January, 2009.

HORWITZ, HORWITZ & ASSOC.

HEENAN LAW FIRM


*/s/ John Heenan*
John Heenan
 Attorneys for Plaintiff